2006 ND 75

**John L. GUSTAFSON, Petitioner and Appellant,**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Respondent and Appellee.**

**No. 20050390.**

Supreme Court of North Dakota.

April 19, 2006.

Damian J. Huettl (argued) and Gregory C. Larson (on brief), Wheeler Wolf, Bismarck, N.D., for petitioner and appellant.

Jean R. Mullen, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶ 1]   John L. Gustafson appeals from a district court judgment affirming the decision of the Department of Human Services ("the Department") that he is ineligible for Medicaid medical assistance.   We reverse and remand with instruction.

I

[¶ 2]   Mr. Gustafson was admitted to a full-time skilled nursing care facility on September 4, 2003.   The next day, Mr. Gustafson's wife purchased a single premium annuity for $50,000.   The irrevocable, unassignable, and nontransferable annuity had no cash value and could not be surrendered or commuted.   The annuity was to be paid out in 90 monthly installments of $576.78 over seven and one-half years.   At the time of purchase, Mrs. Gustafson was 82 years and 11 months old.   The Department's life expectancy tables presumed an average life expectancy is 8.06 years for an 82–year–old woman and 7.56 years for an 83–year–old woman.   Medicaid Policy Manual § 510–05–100–75.

[¶ 3]   Mr. Gustafson applied for Medicaid benefits on November 25, 2003.   The Department questioned whether he satisfied the financial requirements.   The Department was particularly concerned with whether Mrs. Gustafson would survive the annuity's seven and one-half year term in spite of her medical history and numerous diagnoses, including Alzheimer's disease, congestive heart failure, diabetes, multiple heart surgeries, and placement in a nursing home.   The Department determined the annuity was not actuarially sound; that is, Mrs. Gustafson could not reasonably be expected to receive all annuity payments within her lifetime.   Therefore, Mr. Gustafson was denied benefits on the basis that his total household assets of $81,619 (including the $50,000 annuity) exceeded the maximum allowable amount of $46,725 (the sum of Mr. Gustafson's $3,000 personal exemption and Mrs. Gustafson's $43,725 community spouse allowance).   Mr. Gustafson appealed.

[¶ 4]   A hearing was held before an Administrative Law Judge ("ALJ"), whose findings were reviewed and adopted in part by the Department.   The Department's order found the annuity was not "actuarially sound" and was properly considered an available asset in Mr. Gustafson's Medicaid eligibility calculation.   Mr. Gustafson appealed to the district court, which affirmed the Department's order.

[¶ 5]   Mr. Gustafson now appeals to this Court, arguing the annuity was "actuarially sound."   In the alternative, he argues the Department erred in failing to disclose a life expectancy for his wife and should not have considered the entire annuity an available asset.

II

[¶ 6]   The standard of review for an appeal from the decision of an administrative agency is well-established.   The appeal is first made to the district court, which must affirm the decision unless it is determined that:

1.   The order is not in accordance with the law.

2.   The order is in violation of the constitutional rights of the appellant.

3.   The provisions of [Chapter 28–32] have not been complied with in the proceedings before the agency.

4.   The rules or procedure of the agency have not afforded the appellant a fair hearing.

5.   The findings of fact made by the agency are not supported by a preponderance of the evidence.

6.   The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46. This Court reviews the underlying decision of the administrative agency in the same manner. N.D.C.C. § 28–32–49. Questions of law are fully reviewable. *Wahl v. Morton County Social Servs.*, 1998 ND 48, ¶ 4, 574 N.W.2d 859. This Court does not make independent findings of fact or substitute its judgment for that of the agency, but determines "whether a reasoning mind reasonably could have determined the agency's factual conclusions were supported by the weight of the evidence from the entire record." *Estate of Pladson v. Traill County Social Servs.*, 2005 ND 213, ¶ 9, 707 N.W.2d 473.

### III

[¶ 7] The issues brought on appeal include whether, and if so, to what extent, Mrs. Gustafson's annuity was a disqualifying transfer, an available asset, or a combination of the two. We are unable to reach these issues because the Department failed to disclose its estimate of Mrs. Gustafson's reasonable life expectancy to the Gustafsons. We therefore reverse the judgment of the district court and remand, instructing the Department to determine Mrs. Gustafson's life expectancy and reevaluate Mr. Gustafson's Medicaid eligibility.

1. This statute was amended substantially in 2005, but the 2003 version controls this case

[¶ 8] The 2003 version of N.D.C.C. § 50–24.1–02.8(2)[1] states, in pertinent part:

The purchase of an annuity . . . is considered an uncompensated assignment or transfer of assets under section 50–24.1–02, resulting in a penalty under the applicable rules established by the [D]epartment of [H]uman [S]ervices unless the following criteria are met:

. . . .

d. The annuity will return the full principal and interest within the purchaser's life expectancy as determined by the [D]epartment of [H]uman [S]ervices.

[¶ 9] Here, we are unable to determine the portion of the annuity that will not be received by Mrs. Gustafson within her reasonably estimated life expectancy because the Department failed to provide such a figure. The Department argues Mr. Gustafson was obligated to provide a reasonable life expectancy for his wife because each Medicaid applicant has the duty to provide information sufficient to establish his or her eligibility for benefits. *See* N.D. Admin. Code § 75–02–02.1–02.1. Recognizing this requirement, we see no support for the Department's contention that Mr. Gustafson somehow failed in his burden. Mrs. Gustafson obtained a statement from her physician providing an estimate of her life expectancy, which was in accord with the Department's life expectancy table. The physician responded to the Department's inquiries about his estimate. Mrs. Gustafson complied with inquiries into her medical history and efforts to obtain medical records. We are not persuaded that these steps did not amount to satisfying Mr. Gustafson's burden in establishing his eligibility.

[¶ 10] Rather, the burden of establishing a life expectancy shifted to the Depart-

because of the November 2003 application for benefits.

ment after it rejected the life expectancy set by Mrs. Gustafson's physician. Section 50–24.1–02.8(2)(d), N.D.C.C., indicates an annuity is actuarially sound if it "will return the full principal and interest within the purchaser's life expectancy *as determined by the [D]epartment of [H]uman [S]ervices.*" (Emphasis added.) The Department's Medicaid Policy Manual further provides:

> To determine whether the expected return of an annuity is commensurate with a reasonable estimate of the beneficiaries [sic] life expectancy, use the Life Expectancy table at Appendix O. If the annuity beneficiary suffers from a condition which is likely to cause death at an earlier age, it must be verified by a medical statement which estimates the remaining duration of life. The estimated remaining duration of life must be used, in conjunction with the life expectancy table, to determine the comparable age for application of the life expectancy table.

Section 510–05–70–45(3)(a). The Department argues this provision means that after the life expectancy supplied by an applicant is rejected, the applicant must supply a second life expectancy estimate, or a third, in the hopes of eventually stumbling across a figure acceptable to the Department. This "No, guess again" interpretation is contrary to the statute requiring determination of life expectancy by the Department. Thus, the Department's order is not in accordance with the law and must be reversed. N.D.C.C. §§ 28–32–46 and 28–32–49.

## IV

[¶ 11] We do not reach the other issues brought on appeal because they are dependent on Mrs. Gustafson's life expectancy estimate, which the Department failed to provide.

[¶ 12] We conclude the Department's order is not in accordance with the law. We therefore reverse the judgment of the district court and remand for an assessment by the Department of Mrs. Gustafson's reasonable life expectancy and further determination of Medicaid eligibility based on Department regulations and policies.

[¶ 13] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.